IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| RUSSELL A. FOLKERS,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CITY OF WATERLOO, IOWA,<br>DARREL JOHNSON, in his individual<br>capacity and as Animal Control Officer<br>for City of Waterloo, Iowa, and MARIA<br>TILLER, in her individual capacity and<br>as Animal Control Officer for the City of<br>Waterloo, Iowa,<br><br>　　　　Defendants. | No. C07-2066<br><br>**REPORT AND RECOMMENDATION** |

This matter comes before the Court on the Request for Hearing on Temporary Injunction or in the Alternative for Temporary Restraining Order Pursuant to FED. R. CIV. P. 65 (docket number 4) filed by the Plaintiff on September 27, 2007. This matter has been referred by District Judge Edward J. McManus to the undersigned Magistrate Judge for a report and recommendation. *See* Order (docket number 5).

## I. RELEVANT FACTS

According to the Complaint (docket number 2) and sworn affidavit (docket number 4-2), Plaintiff Russell A. Folkers is the owner of an American Pitbull Terrier by the name of "Cleo." Cleo is now in the possession of Defendant City of Waterloo, pursuant to an undated "Order" signed by Defendants Darrel Johnson and Maria Tiller, acting in their capacities as Black Hawk County animal control officers.[1] Folkers requests that the Court

---

[1] *See* Complaint, Exhibit A (docket number 2-3).

enter an order returning Cleo to his custody pending further proceedings, and for other relief.

The Order signed by Officers Johnson and Tiller alleges that on August 26, 2007, Cleo and another dog left Folkers' property and attacked a Bichon Frise on a nearby property. The smaller dog was dragged back across the street to Folkers' property and sustained serious injuries, which required surgery by a veterinarian. According to the Order, animal control officers had prior contact with Folkers' dogs on "at least six prior occasions for dogs running at large and being aggressive towards humans."

Citing Waterloo City Ordinance 5-1B-1, the officers found that Cleo was a "dangerous dog."[2] The Order signed by Officers Johnson and Tiller concluded that "the Order from Animal Control Officer Darrel Johnson finding the dog to be a dangerous dog is hereby affirmed and orders that 'Cleo' be removed from the City or be humanely destroyed."[3]

While the pleadings are imprecise, Folkers apparently took an appeal from the decision to the Waterloo City Council, pursuant to Ordinance 5-1B-4(F).[4] The matter apparently came on for hearing before the Waterloo City Council on September 24, 2007.

---

[2] The Court was not provided with a copy of Ordinance 5-1B-1, but according to the Order entered by the Animal Control officers, a dangerous dog is defined in the Ordinance as
> Any dog with a known propensity, tendency, or disposition to attack unprovoked, to cause injury to or otherwise endanger the safety of humans or other domestic animals; or any dog which attacks a human being or other domestic animal without provocation; or any dog declared to be dangerous by the City Council or an Animal Control Officer.

See Complaint, Exhibit A (docket number 2-3) at 1.

[3] *Id.* at 1-2.

[4] A copy of Ordinance 5-1B-4 was attached to the instant request for temporary injunction. *See* docket number 4-5.

The City Council voted to retain Cleo in the City's possession while the matter is pending and scheduled further hearing on Folkers' appeal on October 8, 2007.[5]

Folkers requests that Cleo be returned to his possession while the appeal is pending, citing Ordinance 5-1B-4(H), which provides as follows:

> Confinement During Appeal: During the appeal process, if the owner does not have a securely enclosed and locked pen, the owner shall confine the dangerous dog within the owner's residence, at the Black Hawk Humane Society, Inc., at a veterinarian or at a kennel. This confinement shall be at the owner's expense.[6]

Additional facts pertaining to the instant Motion will be set forth below.

## *II. ANALYSIS*

A preliminary injunction may not be issued without notice to the defendants. FED. R. CIV. P. 65(a)(1) ("No preliminary injunction shall be issued without notice to the adverse party."). Accordingly, I believe that Plaintiff's Motion for Preliminary Injunction should be promptly set for hearing, with appropriate notice given to Defendants.

A temporary restraining order ("TRO"), however, may be granted without notice to the adverse party pursuant to FED. R. CIV. P. 65(b).

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to

---

[5] In paragraph 20 of his Complaint (docket number 2), Folkers states that a hearing is scheduled on October 8, 2007. In the Preamble to his request for temporary injunction (docket number 4) and in paragraph 8 of that document, however, Folkers states that the hearing is scheduled on October 12, 2007.

[6] *See* docket number 4-5 at 2.

3

give the notice and the reasons supporting the claim that notice
should not be required.

FED. R. CIV. P. 65(b).

In his Complaint (docket number 2), Folkers claims that Defendants are denying him due process and he requests temporary injunctive relief. Specifically, Folkers argues that in order to litigate the issue of whether Cleo is a "dangerous dog," it is necessary that Cleo be returned to Folkers' home, so that a "reliable evaluation" may be conducted by a veterinarian.[7] Folkers asks that the Court grant temporary relief, "returning the dog to him pending said appeal" and "staying all appeal proceedings before the Waterloo City Council until such time as the Defendants' [sic] due process rights can be satisfied."[8]

The Court concludes that a hearing should be promptly scheduled to determine whether a temporary injunction should issue, requiring Cleo to be returned to Folkers' possession pending the appeal to the City Council. The Court also concludes, however, that a temporary restraining order should be entered, prohibiting the Waterloo City Council from ruling on Folkers' appeal until after the Court has determined whether due process requires that Cleo be returned to Folkers' possession for an evaluation by a veterinarian. It would appear from the facts set forth in the Complaint and sworn affidavit that Folkers may suffer irreparable injury if the appeals hearing is held before the due process issue is addressed.

In summary, I believe that a temporary restraining order should issue, prohibiting Defendants from proceeding with the appeal hearing until after the Court has determined whether Cleo must be returned to Folkers' possession for an evaluation prior to the

---

[7] *See* Request for Hearing on Temporary Injunction (docket number 4), ¶ 2, at 2.
The Veterinarian at Klima Small Animal Clinic has advised the Plaintiff that a reliable evaluation of the dog can happen only after the dog has been returned to it's [sic] home and re-acclimated to its environment for a period of at least one week.

[8] *See* Complaint (docket number 2), ¶¶ 3 and 4, at 5.

4

hearing. In addition, I believe that Folkers' request for a preliminary injunction should be set for hearing, with appropriate notice given to Defendants, for the purpose of determining whether Cleo must be returned to Folkers' possession during the pendency of the appeal before the Waterloo City Council.

### III. RECOMMENDATION

For the reasons set forth above, I respectfully recommend that the District Court grant Plaintiff's request for a temporary restraining order. The order should stay and prohibit the Waterloo City Council from proceeding with an appeal hearing until the Court has had an opportunity to consider Plaintiff's request for a preliminary injunction, as set forth below.

It is my further recommendation that the District Court set Plaintiff's request for temporary injunction down for hearing, with appropriate notice given to Defendants. The purpose of the preliminary injunction hearing would be to determine whether the dog must be returned to Plaintiff's possession for an independent evaluation by a veterinarian prior to the hearing before the Waterloo City Council.

DATED this 2nd day of October, 2007.

JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA