IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| RUSSELL A. FOLKERS,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF WATERLOO, IOWA, DARREL JOHNSON, in his individual capacity and as Animal Control Officer for City of Waterloo, Iowa, and MARIA TILLER, in her individual capacity and as Animal Control Officer for the City of Waterloo, Iowa,<br><br>Defendants. | No. C07-2066<br><br>**ORDER VACATING JUDGMENT** |

This matter comes before the Court on the Motion to Vacate the Judgment Pursuant to FED. R. CIV. P. 60(b) or in the Alternative, Motion to Alter or Amend the Judgment pursuant to FED. R. CIV. P. 59(e) (docket number 37) filed by the Defendants on February 29, 2008, and the Motion to Tax Attorney Fees Pursuant to F.R.Civ.P. 54(d)(2) (docket number 40) filed by the Plaintiff on March 4, 2008. Pursuant to Local Rule 7.c, the Motions will be decided without oral argument.

## I. RELEVANT FACTS

On September 25, 2007, Plaintiff Russell A. Folkers ("Folkers") filed a Complaint (docket number 2) requesting money damages, declaratory judgment, and injunctive relief. The action, brought pursuant to 42 U.S.C. § 1983, claims that Defendants City of Waterloo, Darrel Johnson, and Maria Tiller (collectively "the City") violated Folkers' constitutional rights by improperly seizing and holding his dog. On October 6, 2007, the

1

City filed an Answer and Jury Demand (docket number 13). Trial is scheduled to begin on January 5, 2009. *See* Order Setting Trial (docket number 32).

On February 12, 2008, the City served Folkers with an Offer of Judgment, which is set forth in full below:

> COME NOW, Defendants, Darrel Johnson, Maria Tiller, and City of Waterloo, Iowa and offer to allow judgment to be taken against them by Plaintiff, Russell A. Folkers for $5,001.00. This offer is conditioned upon Plaintiff paying the boarding fees owed to the Cedar Bend Humane Society in the sum of $1,030 for the confinement of Plaintiff's dog pursuant to the attached invoice, marked Exhibit "A" and made a part hereof. This offer is made pursuant to the Federal Rules of Civil Procedure and evidence of this offer is not admissible except in a proceeding to determine costs and attorney's fees. If this offer is not accepted in writing within ten days after it is served, it shall be deemed withdrawn.

*See* Offer of Judgment (docket number 33-2).

The record is silent regarding the negotiations, if any, which preceded the submission of the City's Offer of Judgment. According to an Affidavit filed by the City's attorney in support of the instant Motion to Vacate, "[t]he Offer was intended to include attorney fees and costs."[1] On February 14, 2008, Folkers' attorney called the City's attorney "to ascertain what type of Offer of Judgment Defendants had sent me by mail."[2] According to Mr. Frerichs' Affidavit, he had not actually seen the Offer of Judgment when he called Mr. Boller.[3]

According to Mr. Frerichs, the phone call was brief. He asked Mr. Boller "if the offer included attorney fees." Mr. Boller told Mr. Frerichs "something to the effect that

---

[1] *See* Affidavit of Timothy C. Boller (docket number 37-2), Exhibit B.

[2] *See* Affidavit of Thomas P. Frerichs (docket number 42-4) at 1.

[3] According to Mr. Boller's Affidavit, the phone conversation with Mr. Frerichs occurred on February 13, 2008. Apparently, however, both counsel are referring to the same phone call.

'it was all in there' and I should contact him if I had any questions."[4] In his Affidavit, Mr. Boller avers that "I specifically stated to Mr. Frerichs that the Offer included attorney fees and costs."[5]

Mr. Boller further claims that he advised Mr. Frerichs that if he had not intended to include attorney fees and costs, he would have added the language "plus reasonable § 1988 fees and expenses to be determined by the court," as he had done in an earlier case in which both he and Mr. Frerichs were involved. Mr. Boller claims that he told Mr. Frerichs "that I had deleted such language in the Offer in the present case to reflect that it included attorney fees and costs and that there would be no subsequent determination of fees and costs."[6] Mr. Frerichs avers that he does not recall any discussion of the case of *Wright v. City of Waterloo* "and I do not believe that this case came up in our brief conversation."[7] Mr. Frerichs concedes, however, that he advised Mr. Boller "that if the offer did include attorney fees my client may not accept the offer."[8]

On February 15, 2008--after the telephone conversation between counsel--Plaintiff filed a Notice of Acceptance of Offer (docket number 33). Folkers accepted the City's Offer of Judgment and requested "the immediate entry of judgment in favor of the Plaintiff in the amount of $5,001.00 against all Defendants jointly and severally." The Notice also attached a receipt showing $1,030.00 paid to the Cedar Bend Humane Society, which had been made a condition of the Offer. The Notice of Acceptance of Offer is silent regarding the issue of attorney fees.

On February 19, 2008, the Court filed an Order for Judgment Entry (docket number 34), ordering the Clerk of Court to enter judgment in favor of the Plaintiff and against the

---

[4] *See* Affidavit of Thomas P. Frerichs (docket number 42-4) at 2.

[5] *See* Affidavit of Timothy C. Boller (docket number 37-2), Exhibit B, at 2.

[6] *See Id.*

[7] *See* Affidavit of Thomas P. Frerichs (docket number 42-2) at 2.

[8] *See Id.*

Defendants, jointly and severally, in the amount of $5,001.00. Judgment entered accordingly. *See* Judgment (docket number 35).

On the following day, Folkers filed a Bill of Costs (docket number 36) which identified costs totaling $14,602.61, including $13,738.00 for attorney fees pursuant to 42 U.S.C. § 1988. The City responded with the instant Motion to Vacate the Judgment, or in the Alternative, to Alter or Amend the Judgment. Folkers then filed his Motion to Tax Attorney Fees.

## *II. ISSUE PRESENTED*

The City argues that the Offer of Judgment was never intended to include attorney fees and costs, a fact which was made clear to Folkers' attorney during a phone conversation between counsel prior to Folkers' acceptance of the Offer. Accordingly, the City argues that "[s]ince there was no valid offer and acceptance under Rule 68, the judgment based upon this Offer must be vacated pursuant to Fed. R. Civ. P. 60(b)." In the alternative, the City requests that the Judgment be altered or amended to specifically provide that no attorney fees and costs will be awarded to Plaintiff.

Folkers argues that the Offer of Judgment did not state that the Offer was inclusive of attorney fees and costs. Folkers notes that the Offer indicates that "evidence of this Offer is not admissible *except in a proceeding to determine costs and attorney's fees.*" (emphasis added) According to Folkers, the language is "clear and unambiguous" and he is entitled to pursue a separate claim for attorney fees and costs.

## *III. DISCUSSION*

The Eighth Circuit Court of Appeals has addressed the issue of attorney fees following an offer to confess judgment in a trilogy of cases, starting with *Radecki v. Amoco Oil Co.*, 858 F.2d 397 (8th Cir. 1988). There, the parties conducted settlement negotiations which included a cash settlement plus non-cash considerations. "The parties understood that the amounts offered and demanded were to cover all of Amoco's potential liability, including any liability for costs and attorney fees." *Id.* at 399. The negotiations ended without a settlement, but the defendant subsequently served the plaintiff with a

formal offer of judgment pursuant to FEDERAL RULE OF CIVIL PROCEDURE 68. The cash offer indicated that it included "costs now accrued." The next day, the defendant served the plaintiff with a second offer which "differed from the first only in that it stated explicitly that the amount offered was inclusive of attorney fees." *Id.* The defendant's counsel informed the plaintiffs that the "second offer was intended to clarify the first." The defendant's counsel "understood then, if not before, that the offer of judgment Amoco wanted on the table was for $525,000.00, inclusive of attorney fees." *Id.* Subsequently, the plaintiff simultaneously filed an "Acceptance of Judgment," purporting to accept the first offer, and a motion for attorney and expert witness fees. The district court determined that the defendant "could not properly withdraw or clarify" its first offer and, therefore, the plaintiff's acceptance of the first offer was effective. The district court entered judgment in the tendered amount and awarded the plaintiff attorney fees in addition. The Eighth Circuit Court of Appeals reversed.

The Court in *Radecki* noted that "[t]o decide whether there has been a valid offer and acceptance for purposes of Rule 68, courts apply the principles of contract law." 858 F.2d at 400. "Under basic contract law principles, for an offer and acceptance to create a binding agreement there must be an objective manifestation of mutual ascent, i.e., what is often referred to (somewhat misleadingly) as a 'meeting of the minds.'" *Id.* The Court in *Radecki* concluded that because the offer was silent with respect to attorney fees, it could resort to factors outside the words themselves to determine whether the plaintiff intended the offer to include attorney fees. The Court observed that "Rule 68 does not require a laundry list of the elements of relief included within an offer or a specific mention of attorney fees, and it runs counter to the purpose of Rule 68 to assume that forms of relief not mentioned are not intended to be included within the sum offered." *Id.* at 401. The Court also emphasized the "desirability" of allowing offerors to "clarify" their offers prior to acceptance. *Id.* at 402.

Similarly, in *Stewart v. Professional Computer Centers, Inc.*, 148 F.3d 937 (8th Cir. 1998), the Court found that the district court erred in awarding attorney fees in

addition to an amount set forth in an offer of judgment. The defendant's initial offer was silent regarding whether it included attorney fees. The plaintiff asked the defendant to "clarify what was included in the offer." *Id.* at 938. The defendant responded that judgment would be "entered on any and all counts against Defendant." The amended complaint included three counts, each of which included a claim for attorney's fees, costs, and other expenses. *Id.* On the same day that the plaintiff accepted the offer, she also notified the defendant in writing that she would be seeking attorney fees. The district court granted the motion for attorney fees, but the Eighth Circuit Court of Appeals reversed.

According to the Eighth Circuit Court of Appeals, "the parties had a relatively simple agreement, but one which was open to more than one interpretation." *Id.* at 939. The Court found that "the offer could be read to include attorney fees because of the reference to a total payment to cover 'any and all counts' of the complaint." *Id.* The Court concluded that "[s]ince there was no valid offer and acceptance under Rule 68, exceptional circumstances justify relief from the judgment under Rule 60(b) and the motion to vacate should have been granted." *Id.* at 940.

The Court reached a different conclusion, however, in *Hennessy v. Daniels Law Office*, 270 F.3d 551 (8th Cir. 2001). There, the defendant tendered an offer of judgment for $1,000 under Rule 68. The plaintiff accepted the offer and the district court entered judgment. The plaintiff subsequently filed a motion for attorney fees and costs, which was denied by the district court. The plaintiff then filed a motion to alter or amend the judgment pursuant to FEDERAL RULE OF CIVIL PROCEDURE 59(e), which the district court also denied. Plaintiff appealed, arguing that she was entitled to attorney fees in addition to the original offer of judgment.

The Eighth Circuit Court of Appeals identified the issue as "whether [defendant's] offer of judgment should be construed to include or exclude attorney's fees." *Id.* at 553. The Court noted that in *Radecki* and *Stewart*, it had concluded that "the mutual assent necessary to form an enforceable agreement was absent, that is, that there was no

acceptance of the offer as tendered." *Id.* The Court found, however, that the facts in *Hennessy* were distinguishable.

> We conclude that the present case is different, because it involves no ambiguity as to whether the offer was accepted: Daniels made an offer and Ms. Hennessy simply accepted it, without question or qualification, just as it was written. It is true, as we have said, that [defendant's] offer itself was ambiguous, but the offer was unambiguously accepted, and thus an enforceable agreement was formed.

*Id.* The Court noted parenthetically that parol evidence is admissible as to the meaning of an ambiguous term, but that neither party offered extrinsic evidence regarding the meaning of the offer. *Id.* at 553-554.

Turning to the facts in the instant action, the Court concludes that the facts in this case more nearly match those in *Radecki* and *Stewart*, rather than *Hennessy*. As in *Radecki*, Defendants submitted an offer of judgment which did not specifically indicate whether or not it was intended to include attorney fees. In an effort to resolve that ambiguity, Folkers' attorney called the City's attorney and "did ask if the offer included attorney fees."[9] According to Mr. Frerichs, Mr. Boller responded that "it was all in there." Mr. Boller asserts that he was somewhat more direct and "specifically stated to Mr. Frerichs that the Offer included attorney fees and costs."[10]

Following the phone conversation between counsel, Folkers filed a Notice of Acceptance of Offer, which likewise did not refer to attorney fees. It was only after the Court ordered judgment four days later that Folkers filed a Bill of Costs which purported to include attorney fees. Under these circumstances, the Court concludes that there was no "mutual assent necessary to form an enforceable agreement," as required by *Radecki*, *Stewart*, and *Hennessy*.

---

[9] *See* Affidavit of Thomas P. Frerichs (docket number 42-4) at 2.

[10] *See* Affidavit of Timothy C. Boller (docket number 37-2) at 2.

7

The Court is not unmindful of the fact that the offer indicates it "is not admissible except in a proceeding to determine costs and attorney's fees." Folkers argues that the language suggests that there *will* be a subsequent proceeding to determine costs and attorney's fees. The City argues that the language simply confirmed that if the offer was *not* accepted, then it would not constitute an admission at the time of trial. *See* FED. R. CIV. P. 68(b). Any ambiguity which existed in this regard was resolved by counsel's telephone conversation prior to the purported acceptance of the offer.

Since there was no valid offer and acceptance under Rule 68, the Court concludes that the Motion to Vacate the Judgment Pursuant to Rule 60(b) should be granted. The Court concludes that the parties should be returned to the status quo ante. The Judgment (docket number 35) filed on February 19, 2008, will be vacated. The Offer of Judgment previously served by Defendants shall be considered withdrawn and have no legal effect. Defendants shall return to Plaintiff the $1,030 which he paid as a condition of the purported acceptance of the Offer of Judgment.[11]

### ORDER

IT IS THEREFORE ORDERED as follows:

1. The Motion to Vacate Judgment (docket number 37) filed by Defendants on February 29, 2008, is hereby **GRANTED**.

2. The Judgment (docket number 35) filed on February 19, 2008, is hereby **VACATED** and **SET ASIDE**.

3. The Offer of Judgment previously served on Plaintiff by Defendants is hereby deemed **WITHDRAWN** and shall have no legal effect.

---

[11] Given the Court's ruling on the Motion to Vacate pursuant to Rule 60(b), the Court is not required to consider Plaintiff's alternative Motion to Alter or Amend the Judgment pursuant to Rule 59. Furthermore, for the reasons set forth above, the Court finds that Plaintiff's Motion to Tax Attorney Fees (docket number 40) should be denied.

4. Not later than ten (10) days following the entry of this Order, Defendants shall return to Plaintiff the One Thousand Thirty Dollars ($1,030) previously paid by Plaintiff to Cedar Bend Humane Society as a condition of the Offer of Judgment.

5. The Motion to Tax Attorney Fees (docket number 40) filed by Plaintiff on March 4, 2008, is hereby **DENIED**.

6. This matter shall proceed to trial in its normal course pursuant to the Order Setting Trial (docket number 32) filed on February 5, 2008.

DATED this 31st day of March, 2008.

JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA